Howard DERRICKSON, Appellant,

v.

**BOARD OF EDUCATION OF the CITY OF ST. LOUIS; Robert E. Wentz; Burchard Neel, Jr.; John R. Spicer, Principal for the Board of Education of the City of St. Louis, Appellees.**

No. 82–1501.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1984.

Decided July 11, 1984.

Anthony J. Sestric, St. Louis, Mo., for appellant.

Judson W. Calkins, Amy R. Hinderer, Lashly, Caruthers, Baer & Hamel, A Professional Corporation, Saint Louis, Mo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Howard Derrickson appeals from the supplemental findings and conclusions of the district court, 537 F.Supp. 338 [1] in favor of defendants Robert E. Wentz, Burchard Neel, Jr., John R. Spicer, and the Board of Education of the City of St. Louis (Board) on Derrickson's claim that the Board failed to renew his contract as a teacher because of his exercise of first amendment rights, in violation of 42 U.S.C. § 1983 (Supp. V 1981). We earlier remanded this action to the district court for express findings on Derrickson's allegation that his contract would have been renewed were it not for "his internal criticism of the administration and faculty at McKinley [High School]," *Derrickson v. Board of Education,* 703 F.2d 309, 316 (8th Cir.1983), and for the court to make its legal conclusions regarding Derrickson's free speech claim in light of these findings, *id.* at 316–317.

At an evidentiary hearing conducted on October 28, 1983, following our order of remand, the district court allowed all parties to present additional evidence relevant to the first amendment claim. Derrickson and defendant Spicer, principal of McKinley when the decision not to retain Derrickson was made in March of 1978, testified at that hearing. On March 1, 1984, the court issued its supplemental findings of fact and conclusions of law. It found that most of the internal criticisms made by Derrickson while a teacher at McKinley concerned the internal office affairs of the school, Derrickson's inability to accept constructive criticism, and his disputes with other teachers. Derrickson also raised questions regarding Principal Spicer's 1977 implementation of personnel reductions at McKinley in light of the desegregation of St. Louis schools. The court found that the personnel questions touched upon matters of public concern in at least a "limited sense," thus meriting a balancing of interests to determine whether the first amendment protected Derrickson from adverse action by his employer because of his internal criticisms. *See Connick v. Myers,* 461 U.S. 138, ———, 103 S.Ct. 1684, 1689–1691, 75 L.Ed.2d 708, 719–721 (1983).

The court then conducted the traditional balancing of interests mandated by *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968), and the causation analysis established in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). It held that Derrickson's frequent, lengthy, and uncompromising criticisms of the administration, faculty, and students at McKinley were generally unprotected by

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

the first amendment when balanced against the needs of the Board for efficient operation and internal harmony in its schools. Even if Derrickson's speech activities were protected conduct, the court held that these activities were not substantial or motivating factors in the defendants' non-retention decision, or alternatively that Derrickson would have suffered the same fate even absent these activities. In short, the court concluded that Derrickson's inability to work harmoniously with the administration and his fellow teachers at McKinley, his inflexible attitude toward constructive criticism of his performance as a teacher, and his abrasive relationship with some students led to his nonretention, a personnel action not violative of the first amendment on the facts of this case.

Derrickson appeals, alleging that the district court made erroneous findings of fact, improperly placed on him the burden of producing evidence to corroborate his testimony, and erred in holding that many of his internal criticisms did not touch upon matters of public concern.

On reviewing the record developed before and after remand, the opinions of the district court, and the briefs of the parties, we are convinced that the district court committed no prejudicial error of law or fact in holding against Derrickson. In particular, the disruptive manner and frequency of Derrickson's internal criticisms weighed heavily against first amendment protection of those activities when placed on the *Pickering* balance, even assuming that all of his criticisms touched upon matters of public concern. Although we agree with the district court that Derrickson's activities at McKinley were apparently out of a genuine concern for improving the quality of education and level of discipline at the school, we cannot on this record say that the first amendment shielded him from adverse personnel action based on his attendant inability to work with his superi-

ors, peers, and students in a conciliatory manner.

The judgment of the district court is therefore affirmed.

